**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID LETTIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-606 JSD |
| | ) | |
| CENTRIC STORE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff David Lettieri for leave to commence this civil action *in forma pauperis*, or without prepayment of fees and costs. ECF No. 2. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff is a convicted state prisoner being held at the Niagara County Jail in Lockport, New York. ECF No. 1 at 1; *see also United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023) (denying post-trial motions after Plaintiff was convicted on June 14, 2023, of one count of enticement of a minor).[1]   He brings this

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

"Complaint for a Civil Case Alleging Negligence" against defendant Centric Store, which he states is located in Missouri. *Id.* at 1-2. According to Plaintiff, his claim is premised on there being "no nutrition facts on squeez-ums ketchup packs" and "no net weight." Plaintiff alleges this violation occurred in November of 2020 in the Western District of New York. He brings claims of breach of contract, breach of duty of care, and violations of New York state business laws. He seeks $75,000 in damages. *Id.* at 4.

## Legal Standard

Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

But, pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for

2

this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury" – conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

## Discussion

Plaintiff here, a prisoner and frequent filer of lawsuits,[2] is subject to 28 U.S.C. § 1915(g). Based on a review of cases filed by Plaintiff in multiple federal courts, Plaintiff accumulated more than three strikes by the time he filed this action.[3] Plaintiff should be aware of his status as a three-striker, as he has already had multiple cases dismissed in multiple federal courts due to the three strikes rule.[4] In addition, as far back as September 2023, the United States District Court for the Western District of New York found that Plaintiff had "engaged in a pattern of abuse of the judicial process." *See In re: David C. Lettieri*, No. 1:23-mc-32, ECF No. 1 (W.D.N.Y. Sept. 5, 2023). Recently, that Court

---

[2] According to a search on PACER, the federal courts' electronic records system, David Lettieri is the named plaintiff in over 120 lawsuits commenced since March 2023.

[3] *See Lettieri v. Daniels*, No. 1:23-cv-867 (W.D.N.Y. filed Aug. 21, 2023) (dismissed Oct. 16, 2023, for failure to state a claim under 18 U.S.C. § 1915(e)(2)(B)); *Lettieri v. Auricchio*, No. 1:23-cv-875 (W.D.N.Y. filed Aug. 22, 2023) (dismissed Oct. 11, 2023, for failure to state a claim under 18 U.S.C. § 1915(e)(2)(B)); *Lettieri v. Ne. Ohio Corr. Ctr.*, No. 4:23-cv-1690 (N.D. Ohio filed Aug. 29, 2023) (dismissed Nov. 22, 2023, for failure to state a claim under 18 U.S.C. § 1915(e)); *Lettieri v. T-Mobile*, No. 2:24-cv-28 (W.D. Wash. filed Jan. 4, 2024) (dismissed Apr. 18, 2024, for failure to state a claim).

[4] *See Lettieri v. Broome Cnty. Humane Soc'y*, Nos. 1:23-cv-7777, 1:23-cv-7830, 2023 WL 7017081 (E.D.N.Y. dismissed Oct. 25, 2023), *denying recons.*, 2023 WL 8003478, (E.D.N.Y. Nov. 17, 2023); *Lettieri v. Broome Cnty. Humane Soc'y*, No. 1:23-cv-1270 (W.D.N.Y. Feb. 1, 2024); *Lettieri v. Allegany Cnty. Jail*, No. 1:24-cv-21114 (S. D. Fla. filed Mar. 22, 2024) (dismissed Mar. 26, 2024, under 28 U.S.C. § 1915(g)).

prohibited Plaintiff from filing "any new motions, papers, or documents of any kind – except notices of appeal or papers the Court instructs him to file – in all pending and closed cases … for a period of one year."  *Id.* at ECF No. 26. (issued Apr. 5, 2024).  As such, under 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.  28 U.S.C. § 1915(g).

Based on a careful reading and liberal construction of the complaint, Plaintiff does not assert that he is currently in imminent danger of serious physical injury.  Moreover, nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing.  Importantly, the complaint does not assert any connection between the named defendant and "squeez-ums ketchup packs."  It also does not state that Plaintiff ever consumed such packs.  Neither does Plaintiff allege that he was injured by a lack of nutrition information or net weight, nor does he explain how any such injury supports a request of $75,000 in damages.[5]

Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action, without prejudice, subject to Plaintiff refiling as a fully paid complaint.

---

[5] Plaintiff filed a similar lawsuit regarding insufficient nutritional labeling of a "Salad Fresh Four In One Mustard," that was dismissed by the United States District Court for the Northern District of Ohio for lack of subject matter jurisdiction. *See Lettieri v. Four in One*, No. 4:23-cv-1661, ECF No. 8 (N.D. Ohio dismissed Nov. 30, 2023) (finding no diversity of citizenship because although Plaintiff demanded $75,000, he did not allege any facts suggesting that he suffered that amount of damages or any injury at all).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 27th day of June, 2024.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE